**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 15 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

JACK LEE DEAL,

      Petitioner - Appellant,

v.

MICHAEL NELSON; ATTORNEY
GENERAL OF KANSAS,

      Respondents - Appellees,

No. 00-3071
(D.C. No. 97-CV-3112-DES)
(District of Kansas)

---

**ORDER AND JUDGMENT***

---

Before **BRORBY** and **HOLLOWAY**, Senior Circuit Judges, and **HENRY**, Circuit
Judge.

---

I

Jack Lee Deal was convicted on October 26, 1977 in Wyandotte County, Kansas of

aggravated assault with a knife, aggravated assault with an automobile, automobile theft,

aggravated burglary, and kidnaping. He was sentenced to a term of imprisonment of fifteen

years to life. On direct appeal, one count of aggravated assault was reversed as

multiplicitous. His conviction became final on or around April 20, 1979.

---

*This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. This court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

It is undisputed that, at trial, the jury was given an intent instruction substantially similar to the kind of instruction later declared unconstitutional in *Sandstrom v. Montana*, 442 U.S. 510 (1979). *Sandstrom* was decided on June 18, 1979, nearly two months after Deal's conviction became final. In 1985 this court, relying on *Sandstrom*, held the intent instruction then given in the Kansas state courts to be unconstitutional. *Wiley v. Rayl*, 767 F.2d 679 (10th Cir. 1985). In 1993, Deal filed a state post-conviction petition under K.S.A. 60-1507 raising, among others, the claim that *Sandstrom*'s rule invalidated his conviction. His petition was denied and on October 14, 1994 the Kansas Court of Appeals affirmed the denial, on the merits.[1]

In 1997, Deal petitioned the United States District Court for the District of Kansas for a writ of habeas corpus, 28 U.S.C. § 2254. On March 9, 2000, the District Court denied Deal the writ. *Deal v. Nelson*, No. 97-3112-DES, 2000 WL 422243 (D. Kan.) (Mar. 9, 2000). The ruling was made in a Memorandum and Order which found that the instruction on intent given had been found unconstitutional under *Sandstrom* and *Francis v. Franklin*, 471 U.S. 307 (1985). However there was a retroactivity issue as to *Sandstrom*. The court concluded it did not need to reach the issue of retroactivity because the error in the charge was harmless in light of the overwhelming evidence against Deal. On November 2, 2000, we issued an order granting Deal a certificate of appealability on the issue of whether *Sandstrom* should

---

[1]While Deal's brief indicates some confusion regarding whether the state courts adjudicated his claim on the merits, Brief of Appellant at 3, we have reviewed the record below and are satisfied that they did so.

be applied retroactively and, if so, whether any resulting error was harmless. Deal now asks us to reverse the United States District Court's denial of the writ.

Deal filed his petition in the federal District Court on April 1, 1997. The Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) became effective April 24, 1996 and therefore applies to this case. AEDPA provides that

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal Law, as determined by the Supreme Court of the United States . . . .

28 U.S.C. § 2254(d). Deal's claim rests on the argument that the Kansas state courts' adjudication of his claims was contrary to, or involved an unreasonable application of then-existing Supreme Court precedent. The facts and issues of the instant case are similar to those of *Johnson v. McKune*, ___ F.3d ___ (10th Cir. 2002), and we follow that precedent in deciding the instant case.

## II

*Sandstrom* was decided after Deal's conviction became final. Therefore, neither the state trial court's decision to give the intent instruction, nor the affirmance of Deal's convictions on direct appeal was contrary to *Sandstrom*, which had not yet been decided by the Supreme Court. As was the case in *Johnson*, in order to prevail, Deal must show that the Kansas state courts improperly denied him post-conviction relief by failing to apply

- 3 -

*Sandstrom* retroactively on collateral review. However, there are problems with applying *Sandstrom* retroactively.

We have just held that *Sandstrom* announced a new constitutional rule of criminal procedure under principles set forth in *Teague v. Lane*, 489 U.S. 288 (1989). *Johnson*, ___ F.3d at ___. Such new rules are generally not applied retroactively:

> Because the leading purpose of federal habeas review is to ensure that state courts conduct criminal proceedings in accordance with the Constitution as interpreted at the time of those proceedings, [the Supreme Court has] held that the 'new rule' principle validates reasonable, good-faith interpretations of existing precedents made by state courts. This principle adheres even if those good-faith interpretations are shown to be contrary to later decisions.

*Graham v. Collins*, 506 U.S. 461, 467, *reh'g denied*, 507 U.S. 968 (1993) (citations, quotations, and alterations omitted). *See also Teague*, 489 U.S. at 307, 310 (stating that, unless they fall within one of two narrow exceptions, new constitutional rules of criminal procedure are not to be applied retroactively on collateral review); *Wright v. West*, 505 U.S. 277, 291 (1992) (noting that in *Penry v. Lynaugh*, 492 U.S. 302, 313-14 (1989), a majority of the Court had endorsed the plurality view in *Teague* on retroactivity analysis).

In *Wiley v. Rayl,* 767 F.2d 679, we applied *Sandstrom* to the instruction at issue, but we did not apply *Sandstrom* retroactively, nor have we ever done so. To the contrary, our recent *Johnson* opinion held that *Sandstrom*'s rule is not retroactively applicable on federal collateral review. Thus for purposes of AEDPA, we note that Supreme Court precedent has not required such application. Even if Deal's claim of error were valid, it does not show that

the Kansas state courts erred in refusing to apply *Sandstrom* retroactively in Deal's post-conviction action under K.S.A. 60-1507 so that their decisions were contrary to federal law as already determined by the Supreme Court. We therefore conclude that the Kansas state court proceedings at trial, on direct review, and on collateral review, did not result in decisions that were contrary to controlling Supreme Court precedent at the time they were decided. Because Deal's claims were adjudicated on the merits in Kansas state court proceedings and did not result in decisions that were "contrary to, or involved an unreasonable application of, clearly established Federal Law, as determined by the Supreme Court of the United States," AEDPA forbids the issuance of the writ.

We have decided that the Kansas state courts did not err on the issue of *Sandstrom*'s retroactive applicability on collateral review; therefore we need not reach the harmless error question.

For these reasons, the District Court's order denying Deal the writ of habeas corpus is AFFIRMED.

ENTERED FOR THE COURT

William J. Holloway, Jr.
Circuit Judge

00-3071, *Deal v. Nelson*

**HENRY, Circuit Judge, Concurring in the Judgment:**

For reasons similar to those expressed in my dissent in *Johnson v. McKune*, — F.3d —, — (10th Cir. 2002), I concur separately. First, after review of the record, I would conclude that because, in this case as in *Johnson*, the Kansas courts never addressed *Sandstrom*'s retroactivity, that issue was never "adjudicated on the merits" for purposes of our 28 U.S.C. § 2254(d) habeas jurisdiction. Given this conclusion, I would consider de novo, under the law of the present-day, whether *Sandstrom* should in fact apply retroactively. Ultimately, I would conclude that, for the reasons stated in my opinion in *Johnson*, *Sandstrom* does not constitute a 'new rule' and thus should apply retroactively.

My views on the retroactive application of *Sandstrom*, however, are not the law of this circuit. Thus, I concur in the result reached in this case.